

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2003

# Huang v. BP Amoco Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2993

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Huang v. BP Amoco Corp" (2003). *2003 Decisions*. Paper 338.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/338

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2993

_____

JOSEPH HUANG; JULIA Y. HUANG, H/W,

Appellants

v.

BP AMOCO CORPORATION

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 00-cv-01290)
District Judge: The Honorable Clarence C. Newcomer

_____

Submitted Under Third Circuit LAR 34.1(a)
July 7, 2003

BEFORE: NYGAARD, SMITH, and GREENBERG, Circuit Judges.

(Filed July 29, 2003)

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Appellants Joseph and Julia Huang appeal from the jury verdict of July 5, 2002, in which BP Amoco Corporation was found not liable for breaching either the express terms of a contract with the Huangs or the contract's implied duty of good faith. Because we conclude that the District Court did not err in its evidentiary rulings or jury instructions, the jury's verdict should not be disturbed, and we will affirm.

In 1998, Joseph and Julia Huang entered into an agreement with Amoco. According to the agreement, Amoco would lease real estate in Philadelphia owned by the Huangs if certain contingencies were met. After Amoco terminated the agreement at the expiration of the time period for obtaining necessary permits, the Huangs filed suit. In 2001, we reversed the District Court's entry of summary judgment in favor of Amoco, holding that Amoco had a duty to make a diligent, good faith effort to apply for municipal approvals. *Huang v. BP Amoco Corp.*, 271 F.3d 560 (3d Cir. 2001). We determined that the District Court had avoided "the factual question that lies at the heart of this case: whether BP Amoco's failure to seek the Approvals violated its covenant of good faith and fair dealing." *Id*. at 565-66. We remanded so that this factual question could be decided by a jury. In 2002, a jury that was presented with evidence relevant to whether Amoco breached either the express terms of the contract or its implied duty of good faith found in favor of Amoco.

2

First, Appellant claims that the District Court erred in its jury instructions. While we exercise plenary review when the jury instructions misstate applicable state law, we review for abuse of discretion in the absence of a misstatement. *Greenleaf v. Garlock, Inc.*, 174 F.3d 352 (3d Cir. 1999). Appellants argue that the District Court erred by not instructing the jury that it was to determine Amoco's good faith "based solely on conduct related to seeking Approvals." Appellants' Br. at 2. In addition, Appellants contend that the District Court erred by instructing the jury that Plaintiff had the burden of showing that Amoco "failed to act in good faith." *Id.* Appellants also assert that the District Court erred when it instructed the jury that Amoco had a contractual obligation to apply for the appropriate permits independent of its "development of a specific plan for the use of the property." *Id.* Finally, Appellants argue that the District Court should not have instructed the jury to disregard the acceleration clause of the lease even if the jury found that Amoco breached the lease. *Id.* at 3. We conclude, however, that the District Court's instructions to the jury on the legal standards of good faith and damages stated the law accurately, and correctly framed the issues that remained after our remand.

Appellants also complain that the District Court erred in its evidentiary rulings. We review the District Court's evidentiary rulings for abuse of discretion. *Buskirk v. Apollo Metals*, 307 F.3d 160 (3d Cir. 2002). Appellants argue that the District Court should not have precluded Appellants' witness, who was one of Appellants' attorneys, from identifying and authenticating his own correspondence declaring Amoco

3

in default of the subject lease. The District Court has the discretion to determine that otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403. We therefore hold that the District Court had the discretion to exclude the testimony of one of the Appellants' attorneys concerning a letter, the substance of which was already before the jury because an Amoco employee had read it earlier in the day. Appellants also argue that the District Court erred by allowing Joseph Mitchell, who had made a written offer to lease Appellants' property, to testify for the defense concerning "irrelevant and speculative issues." Appellants' Br. at 2. We conclude, however, that the testimony was relevant because, had the jury found that Amoco breached the lease, the jury would have had to determine the Appellants' damages. Finally, Appellants contend that the District Court erred by allowing Amoco to admit two "site plans" into evidence. The District Court has broad discretion in its conduct of discovery. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81 (3d Cir. 1987). The two drawings, which describe possible configurations for a combined McDonald's restaurant and Amoco gas station on the Huang property, were relevant to the issue of Amoco's good faith in the performance of its obligations. Because the site plans were originally drawn for McDonald's Corporation by Andrew Moriarty of Bohler Engineering at the request of McDonald's and were stored in Bohler Engineering's "McDonald's" file,

4

Amoco did not know about these plans – nor did Amoco have possession, custody, or control of these plans – until a meeting with Mr. Moriarty on April 4, 2002. Amoco supplied Appellants with copies of the documents on April 9, 2002. Thus, we find that the circumstances surrounding the creation and production of these documents that the District Court's refusal to preclude their admission was not an abuse of discretion.

For the foregoing reasons, the judgment of the District Court will be affirmed.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge